UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 19-mj-00092 |
| MARKARAND MANOHAR DHAVALE, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is the government's appeal from a magistrate judge's order, entered on April 10, 2020, granting, pursuant to the Bail Reform Act ("BRA"), 18 U.S.C. § 3142(c), defendant Markarand Manohar Dhavale's Emergency Motion for Immediate Release to Home Confinement ("Def.'s Release Mot."), ECF No. 38. *See* Gov't's Mot. for Emergency Stay & Review of Release Order ("Gov't's Mot. for Review"), ECF Nos. 44, 50.  Defendant has been detained for over one year, at the Correctional Treatment Facility ("CTF") of the D.C. Department of Corrections ("DOC"), on charges made in a criminal complaint that he traveled from Virginia to the District to engage in sexual relations with a purported 13-year-old girl, in violation of 18 U.S.C. §§ 1591(a), (b)(1) and 2423(b). *See* Crim. Compl., ECF No. 1.  Although defendant sought only temporary release "until such time that the D.C. Department of Corrections can assure inmates that the facility is reasonably free from exposure to the virus," Def.'s Release Mot. at 1, the magistrate judge released defendant, under 18 U.S.C. § 3142(c), to the third-party custody of his wife for home confinement, with release to be effectuated at the conclusion of the quarantine imposed on his CTF unit due to the current COVID-19 pandemic. Mag. J. Order Setting Conditions of Release, ECF No. 45; *see also* Apr. 10, 2020 Hr'g Tr. at 29:10–34:5, ECF No. 48.

Upon consideration of the government's motion for a stay and review, this Court stayed the magistrate judge's release order and promptly scheduled a hearing for the day after the anticipated expiration of defendant's CTF unit's quarantine, which hearing was held on April 20, 2020.  Min. Entry (Apr. 20, 2020).  Defendant consented, after consultation with counsel, to appear via teleconference at this hearing because videoconference was unavailable while his CTF unit remained in extended quarantine.  Apr. 20, 2020 Rough Hr'g Tr. at 3:1–13.

Upon consideration of the parties' motions, the memoranda submitted in support and opposition, the arguments and proffers presented at the hearing on April 20, 2020, and the entire record in this case, as well as the factors enumerated in 18 U.S.C. § 3142(g) and 18 U.S.C. § 3142(i), based upon the written findings of fact and statement of reasons set forth below, the magistrate judge's decision granting defendant's emergency release motion is affirmed, with modifications, as a temporary release from pretrial detention, under 18 U.S.C. § 3142(i).

**I.     BACKGROUND**

On April 10, 2019, defendant was arrested on two charges set out in a criminal complaint: Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591(a), (b)(1), and Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b).  Crim. Compl.  For a year, he consented to pretrial detention and postponement of a detention hearing, pending discussions with the government about a disposition of the case without a trial.  *See* Mots. to Continue, ECF Nos. 11, 13, 14, 17, 19, 22, 24, 27, 29, 31, 36.  In the midst of the COVID-19 pandemic, which is exacerbated in the close quarters within DOC facilities, defendant sought release until DOC can improve conditions to safeguard against the spread of the virus.  Def.'s Release Mot. at 1; *see also* Def.'s Resp. to Court's Order at 3, ECF No. 54.

The magistrate judge construed defendant's motion as requesting: (1) defendant's release pending a detention hearing, or (2), in the alternative, an immediate detention hearing. Apr. 8, 2020 Status Conf. Tr. at 7:22–8:1, ECF No. 46. The government did not object to the latter request, and the magistrate judge scheduled a detention hearing to begin the same day, denying defendant's first request as moot. *Id.* at 15:16–19, 16:8–13. The detention hearing was held on April 8, 9 and 10, 2020, concluding with the magistrate judge's order releasing defendant to home detention, with other conditions, after consideration of the factors set forth in 18 U.S.C. § 3142(g). *See* Apr. 10, 2020 Hr'g Tr. at 29:10–34:5. The government's appeal followed.

## II. LEGAL STANDARD

On an appeal from a magistrate judge's order of pretrial release, the district court must conduct a *de novo* review. The BRA requires release of a defendant prior to trial unless a judicial officer determines, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making this determination, the court must "take into account the available information concerning" four factors set out in 18 U.S.C. § 3142(g). These factors are: "(1) the nature and circumstances of the offense charged, . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . (4) the nature and seriousness of the danger to . . . the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

If a judicial officer finds probable cause to believe that a defendant committed an offense under chapter 77 of title 18, for which a maximum term of imprisonment of 20 years or more is prescribed, *see* 18 U.S.C. § 3142(e)(3)(D), or involves a minor victim under, *inter alia*, sections 1591 and 2423 of that title, *see id*. § 3142(e)(3)(E), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," *id*. § 3142(e)(3). Once a rebuttable presumption is triggered, a defendant bears the burden of production "to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). Even where a defendant offers evidence to rebut the presumption, the presumption is not erased; rather, the "presumption is incorporated into the other factors considered by this Court in determining whether to grant a conditional release and is given substantial weight." *United States v. Ali*, 793 F. Supp. 2d 386, 391 (D.D.C. 2011); *see also United States v. Bess*, 678 F. Supp. 929, 934 (D.D.C. 1988) (determining that the presumption "represents Congress's general factual view about the special flight risks and the special risks of danger to the community presented by defendants who commit the crimes to which it attaches").

Notwithstanding a defendant's pretrial detention pursuant to 18 U.S.C. § 3142(e), a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Section 3142(i) "provides a distinct mechanism for temporarily releasing a detained defendant, in a manner that has nothing to do with a revisiting of the initial detention determination," *United States v. Lee*, 19-cr-298 (KBJ), 2020 WL 1541049, at *3 (D.D.C. Mar. 30, 2020), but "[a] defendant has the burden of showing

that temporary release is 'necessary,'" *id.* at *3 (alteration in original) (internal quotation marks omitted) (quoting *United States v. Stephens*, No. 15-cr-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020)).

### III.   DISCUSSION

Based upon assessment of the § 3142(g) factors and the findings set out below, defendant's pretrial detention is warranted, under § 3142(e).  Nonetheless, in light of defendant's pre-existing medical conditions, which make him especially vulnerable to the spread of the COVID-19 virus, the availability of an adequate third-party custodian at a residence in this metropolitan area, defendant's deep community ties, and defendant's lack of prior criminal history, defendant will be temporarily released, under 18 U.S.C. § 3142(i), to the custody of his wife for home detention, while DOC works to improve the current conditions at its facilities.

#### A.   Defendant's Pretrial Detention

At the outset, defendant concedes both that probable cause exists to believe he committed the two offenses charged and that the rebuttable presumption applies about the danger to the community posed by defendant.  Apr. 20, 2020 Rough Hr'g Tr. at 12:17–13:2.  Indeed, both charges against defendant trigger a rebuttable presumption, under 18 U.S.C. § 3142(e)(3)(D) and (E), and evidence proffered by the government sufficiently establishes probable cause to believe that defendant actively sought out on the internet someone he believed to be a minor— specifically, a purported 13-year-old girl—for the purpose of having sex.  He engaged in explicit messages with the purported child, who was an undercover law enforcement agent, and repeatedly tried to set up a meeting with her.  Defendant then traveled from Virginia to the District of Columbia to have sex with this purported 13-year-old for money.

Additionally, each of the factors prescribed in 18 U.S.C. § 3142(g) weighs in favor of pretrial detention.

First, the nature and circumstances of defendant's offenses strongly favor pretrial detention. 18 U.S.C. § 3142(g)(1). The charged offenses are extremely serious, as they involve sexual abuse of a minor victim, specifically, a person defendant believed to be a 13-year-old girl. Reflecting the seriousness of the charges, a violation of §1591(a), (b)(1) carries a minimum term of imprisonment of fifteen years. 18 U.S.C. § 1591(b)(1). Further, the facts proffered by the government present a particularly disturbing case. While messaging the person he believed to be a 13-year-old girl, defendant explained in detail how he wanted to sexually abuse her, and attempted to persuade her to produce child pornographic images of herself. He also instructed her on how to maintain the secrecy of their communications. Defendant then traveled from Virginia to the District of Columbia to have sex with the purported 13-year-old for money. These facts all call for the detention of defendant prior to trial.

The magistrate judge found that this first factor did not support detention, reasoning that "the Court must . . . take into account that in the year which has passed since the time of the alleged offense, the Government has developed no evidence with respect to prior efforts by Mr. Dhavale to engage in similar conduct, nor has the Government developed evidence of other activity . . . by Mr. Dhavale which would plainly constitute conduct endangering children, such as, for example, distribution, receipt or production of child pornography." Apr. 10, 2020 Hr'g Tr. at 30:12–20. Yet, the lack of such evidence is unsurprising, given that defendant demonstrated both knowledge of how to cover up his illicit activities, and the skill to do so. For instance, the government proffers that defendant attempted to persuade the purported child to delete all records of their conversations. In any event, the nature and circumstances of this

offense alone are extremely serious, notwithstanding whether defendant has committed other, similar offenses. Thus, the nature and circumstances of this offense weigh heavily in favor of pretrial detention.

Second, the overwhelming evidence against defendant also strongly favors detention. 18 U.S.C. § 3142(g)(2). This evidence includes extensive preserved KiK messages documenting defendant's communications with the purported child, as well as defendant's own admission at the time of his arrest confirming all of the essential facts underlying the elements of the offenses, except for the age of the purported child, which is well established in any event by the aforementioned KiK messages. Gov't's Mot. for Review at 2–11. Therefore, the weight of the evidence favors detention.

Third, defendant's history and characteristics, 18 U.S.C. § 3142(g)(3), weigh on the side of detention. Defendant has no prior criminal history, was fully employed prior to his arrest, and has strong ties to the community, including his spouse and child, and his home. His alleged criminal conduct in this case, however, was accompanied by a troubling level of sophistication designed to avoid similar investigations, *e.g.*, coaching the purported 13-year-old on how to "wipe" her KiK texts, and attempting to persuade her to use an encrypted app that would be safer and allow users to "self destruct the messages." Gov't's Mem. Supp. Pretrial Det. ("Gov't's Mem.") at 6, ECF No. 51. This course of conduct raises significant concern about defendant's ability to avoid or circumvent supervision and monitoring if released. Thus, the third factor also calls for detention.

As to the final factor, the danger defendant presents to the community, 18 U.S.C. § 3142(g)(4), favors detention. Defendant's alleged criminal conduct here, including reaching out to a purported child, soliciting the production of child pornography, and engaging in the

planning and discussion of sexual abuse, was electronically based. Given the ubiquity of internet-capable devices and defendant's skill in usage, the danger presented by his release to the community is obvious, particularly considering the representation made by Pretrial Services in this and similar cases that Pretrial Services cannot effectively monitor and ensure compliance with a "no internet-capable electronic devices" condition. Moreover, the government's proffer demonstrates that defendant actually traveled to Washington, D.C. with the intention of engaging in illicit sexual acts with the purported child. Accordingly, this factor, too, weighs on the side of pretrial detention of defendant.

* * *

Upon consideration of the proffered evidence, the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in § 3142(c), the Court finds that all four statutory factors strongly weigh in favor of pretrial detention. Defendant has not rebutted the presumption that he constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure the safety of the community. To the extent the magistrate judge ruled otherwise, that decision is reversed.

**B.  Defendant's Temporary Release Pursuant to § 3142(i)**

Considerations that factored into the magistrate judge's decision to release defendant lead to the conclusion that his temporary release, pursuant to 18 U.S.C. § 3142(i), is appropriate. Under this statutory provision, a defendant otherwise subject to pretrial detention may be granted temporary release by showing both (1) that he would be released to an "appropriate person," and (2) that the temporary release is "necessary for" a "compelling reason." 18 U.S.C. § 3142(i); *see Lee*, 2020 WL 1541049, at *3; *United States v. Armstead*, Nos. 19-cr-00369 (APM), 18-cr-00357

(APM), 2020 WL 1821130, at *1 (D.D.C. Apr. 10, 2020).  Each statutory element is addressed in turn.

### 1. *Defendant has Provided an Appropriate, Local Third-Party Custodian*

Ordinarily in a case such as this involving illicit online conduct involving a minor, a defendant cannot establish that an appropriate third-party custodian exists, since, given the ubiquity of internet-capable devices, ensuring against continuing illegal conduct on release often presents insurmountable challenges.  Additionally, Pretrial Services lacks the resources and technology to ensure a defendant released to home confinement cannot and has not accessed any internet-capable device.

These, however, are not ordinary times.  Defendant has proposed that his wife—who has been deemed eligible to be a third-party custodian by Pretrial Services, has no criminal history, runs a small business, and resides at her and defendant's home in northern Virginia—serve as his third-party custodian.  Apr. 8, 2020 Status Conf. Tr. at 4:24–25; Apr. 8, 2020 Hr'g Tr. at 12:13–14, 17:14–17, ECF No. 47; Apr. 9, 2020 Hr'g Tr. at 7:20–8:8, ECF No. 49.  Due to the COVID-19 pandemic and the stay-at-home order currently in effect in Virginia, where defendant and his wife have their home, for now his wife can—indeed, must—stay home at all times.  *See, e.g.*, Apr. 10, 2020 Det. Hr'g Tr. at 27:19–23 (indicating that defendant's son, who resides in the home, can "drive, [and] be the one to go and procure food, et cetera, during this shelter-in-place time," *id.* at 27:21–23); *see also* Va. Exec. Order No. Fifty-Five, Temporary Stay at Home Order due to Novel Coronavirus (COVID-19) (Mar. 30, 2020), *available at* https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-55-Temporary-Stay-at-Home-Order-Due-to-Novel-Coronavirus-(COVID-19).pdf.  Defendant's wife

9

thus is able to provide essentially round-the-clock monitoring of defendant upon his release to home detention in her custody.

Further, defendant's wife has agreed to remove all internet-connected devices from defendant's home, *see* Apr. 10, 2020 Hr'g Tr. at 6:22–7:17, and defendant's son, a high schooler who must access the internet regularly to continue his educational studies, *id.* at 7:18–21, can and will drive for internet access to an office that is separate from defendant's home, upon defendant's release to home detention, *id.* at 7:22–8:5. Defendant himself, meanwhile, is eligible to participate in the high-intensity supervision program run by Pretrial Services. Apr. 8, 2020 Hr'g Tr. at 19:24–25.

In light of these facts, the Court finds that defendant's wife is an appropriate person into whose custody defendant may be released pursuant to § 3142(i).

### 2. *Defendant has Presented a Compelling Reason for Temporary Release*

Turning to the other statutory element, under 18 U.S.C. § 3142(i), defendant has established that he has a compelling reason for temporary release. The global COVID-19 pandemic has significantly impacted DOC facilities where defendant is detained. Indeed, another Judge on this Court determined earlier this week, after a thorough inspection and report by an independent third-party, that "as of April 4, 2020, the infection rate in DOC facilities was over seven times the infection rate of the District of Columbia at large," *Banks v. Booth*, No. 20-cv-849 (CKK), 2020 WL 1914896, at *6 (D.D.C. Apr. 19, 2020), and concluded that the current conditions at DOC facilities likely violate detainees' Fifth Amendment Due Process rights, *id.* at *8–11. Consequently, she issued a temporary restraining order ("TRO") requiring DOC to take a number of significant steps to address the current conditions. *See id.* at *13–15. In light of these facts, even the government acknowledges that release of defendants pursuant to § 3142(i) is

appropriate in some circumstances. *See* Gov't's Mem. at 21 n.10 ("[T]he government has meaningfully endeavored—on a case-by-case basis—to permit temporary release pursuant to 18 U.S.C. § 3142(i) to those who actually need release. This includes non-violent offenders who have verified serious health risk [sic] and are otherwise vulnerable.").

The ongoing pandemic, on its own, does not justify temporary release under § 3142(i), which typically requires a defendant to present "individualized reasons for why release would be necessary in his particular case." *Lee*, 2020 WL 1541049, at *6. Here, however, defendant has provided such individualized reasons. In particular, the government does not contest that defendant suffers from prediabetes and hypertension, *see* Gov't's Mem. at 10, which puts him at higher risk for more severe, debilitating illness from COVID-19, *see* Center for Disease Control, *People Who Are At Higher Risk* (last visited Apr. 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Due to his underlying medical conditions and the current conditions at DOC facilities, defendant has provided a compelling reason for his temporary release, pursuant to § 3142(i), as DOC endeavors to come into compliance with the *Banks* TRO.

**IV.     CONCLUSION**

Based upon the written findings of fact and statement of reasons set forth above, the government's Emergency Motion for Review of Release Order, ECF Nos. 44, 50, is granted in part, insofar as the magistrate judge's ruling, under 18 U.S.C. § 3142(c), is reversed, and denied in part, insofar as defendant's Emergency Motion for Immediate Release to Home Confinement, ECF No. 38, is granted, pursuant to 18 U.S.C. § 3142(i). Defendant shall be immediately released to home confinement into the third-party custody of his spouse, subject to the conditions set out in the magistrate judge's Order Setting Conditions of Release, ECF No. 45, with the

following modifications: First, after defendant has self-quarantined in his home basement for a period of fourteen days following release, if defendant has not exhibited any COVID-19 symptoms during that time, defendant shall be monitored using radio frequency monitoring technology, as determined by Pretrial Services, for the remaining period of his temporary release. Second, fifteen days following defendant's release, the parties shall file a joint notice informing the Court whether the radio frequency monitoring has been implemented. Third, the government shall, at the time it believes that DOC has come in compliance with the temporary restraining order issued in *Banks*, *Banks v. Booth*, No. 20-cv-849 (CKK) (D.D.C.), and no later than June 10, 2020, submit a report to the Court concerning whether the conditions at DOC facilities have sufficiently improved, warranting rescission of defendant's temporary release.

      An appropriate Temporary Release Order, ECF No. 56, has been issued.

      Date: April 21, 2020

      _____
BERYL A. HOWELL
Chief Judge